United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 11-18671-sr
Ronald S. Wilde, Jr.                                            Chapter 13
Kathryn R. Wilde
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2                  Date Rcvd: Mar 03, 2017
                              Form ID: 3180W           Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 05, 2017.
```
db/jdb         +Ronald S. Wilde, Jr.,    Kathryn R. Wilde,    2146 Hawthorne Road,    New Hope, PA 18938-5498
12812910       +Jeffrey C. McCullough, Esquire,    16 North Franklin Street, Suite 300,
                Doylestown, PA 18901-3556
12599966        Nissan-Infiniti LT,    PO Box 660366,    Dallas TX 75266-0366
12602974       +PNC BANK,    PO BOX 94982,    CLEVELAND, OH 44101-4982
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Mar 04 2017 01:47:03      City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 04 2017 01:46:34
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 04 2017 01:47:00      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12921739       +EDI: BANKAMER.COM Mar 04 2017 01:43:00      Bank of America, N.A.,    7105 Corporate Drive,
                Plano, TX 75024-4100
12669113       +EDI: OPHSUBSID.COM Mar 04 2017 01:43:00      Candica, LLC,    c/o Weinstein & Riley, P.S.,
                2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132
12594819        EDI: DISCOVER.COM Mar 04 2017 01:43:00      Discover Bank,    Discover Personal Loans,
                P.O.Box 30954,    Salt Lake City, UT  84130-0954
12599661        EDI: DISCOVER.COM Mar 04 2017 01:43:00      Discover Bank,    DB Servicing Corporation,
                PO Box 3025,    New Albany, OH  43054-3025
12640009        EDI: FORD.COM Mar 04 2017 01:43:00      Ford Motor Credit Company LLC,    Dept 55953,
                P O Box 55000,    Detroit  MI  48255-0953
12666653       +EDI: GMACFS.COM Mar 04 2017 01:43:00      GMAC Mortgage, LLC,    1100 Virginia Drive,
                Fort Washington, PA 19034-3204
12670037       +EDI: OPHSUBSID.COM Mar 04 2017 01:43:00      LINDIA, LLC,    C O WEINSTEIN AND RILEY, PS,
                2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12667104       +EDI: OPHSUBSID.COM Mar 04 2017 01:43:00      OAK HARBOR CAPITAL IV, LLC,
                C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
13340236       +Fax: 407-737-5634 Mar 04 2017 02:44:57      Ocwen Loan Servicing, LLC,
                ATTN: Bankruptcy Department,    1661 Worthington Road, Suite 100,
                West Palm Beach, FL 33409-6493
12705919        EDI: PRA.COM Mar 04 2017 01:43:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
                Norfolk VA   23541
13102176        EDI: ECAST.COM Mar 04 2017 01:43:00      eCAST Settlement Corporation,    POB 29262,
                New York, NY 10087-9262
                                                                                              TOTAL: 14
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13393447*        Nissan-Infiniti LT,    PO Box 660366 Dallas  TX 75266-0366
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2017                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 2, 2017 at the address(es) listed below:
```
              ALLISON FRANCES ZUCKERMAN    on behalf of Creditor    Bank of America, N.A. paeb@fedphe.com
              ANDREW  SPIVACK    on behalf of Creditor    Ocwen Loan Servicing, LLC paeb@fedphe.com
              ANDREW  SPIVACK    on behalf of Creditor    U.S. Bank, National Association, et al...
              paeb@fedphe.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Mar 03, 2017
                              Form ID: 3180W           Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
          ANN E. SWARTZ    on behalf of Creditor   Bank of America, N.A. ecfmail@mwc-law.com,
           ecfmail@mwc-law.com
          CELINE P. DERKRIKORIAN    on behalf of Creditor   Bank of America, N.A. ecfmail@mwc-law.com
          CHRISOVALANTE  FLIAKOS    on behalf of Creditor   Ocwen Loan Servicing, LLC paeb@fedphe.com
          D. TROY SELLARS    on behalf of Creditor   Bank of America, N.A. D.Troy.Sellars@usdoj.gov
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
          JEFFREY C. MCCULLOUGH    on behalf of Joint Debtor Kathryn R. Wilde
           jeffmccullough@bondmccullough.com, mbehrlacher@bondmccullough.com
          JEFFREY C. MCCULLOUGH    on behalf of Plaintiff Ronald S. Wilde, Jr.
           jeffmccullough@bondmccullough.com, mbehrlacher@bondmccullough.com
          JEFFREY C. MCCULLOUGH    on behalf of Debtor Ronald S. Wilde, Jr.
           jeffmccullough@bondmccullough.com, mbehrlacher@bondmccullough.com
          JEFFREY C. MCCULLOUGH    on behalf of Plaintiff Kathryn R. Wilde jeffmccullough@bondmccullough.com,
           mbehrlacher@bondmccullough.com
          JEROME B. BLANK    on behalf of Creditor   Ocwen Loan Servicing, LLC paeb@fedphe.com
          JEROME B. BLANK    on behalf of Creditor   Bank of America, N.A. paeb@fedphe.com
          JOHN MICHAEL KOLESNIK    on behalf of Creditor   Bank of America, N.A. paeb@fedphe.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor   Ocwen Loan Servicing, LLC paeb@fedphe.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    U.S. Bank, National Association, et al...
           bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
          LESLIE J. RASE    on behalf of Creditor   Ocwen Loan Servicing, LLC pabk@logs.com, lerase@logs.com
          NELSON  DIAZ    on behalf of Creditor   GMAC MORTGAGE, LLC ndiaz@milsteadlaw.com,
           bkecf@milsteadlaw.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          THOMAS I. PULEO    on behalf of Creditor   U.S. Bank, National Association, et al...
           tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD CRAIG    on behalf of Creditor   Nissan Motor Acceptance Corporation, Servicer for
            Nissan-Infiniti LT mortonlaw.bcraig@verizon.net, mhazlett@mortoncraig.com
                                                                                             TOTAL: 23
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Ronald S. Wilde Jr.** | Social Security number or ITIN **xxx–xx–2604** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Kathryn R. Wilde** | Social Security number or ITIN **xxx–xx–1343** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11–18671–sr** | |

# Order of Discharge                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Ronald S. Wilde Jr.                                             Kathryn R. Wilde

3/2/17                                                               **By the court:**    Stephen Raslavich
                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**